State v. Hackett

---

STATE OF NORTH CAROLINA v. WAYNE EDWARD HACKETT

No. 7421SC503

(Filed 7 August 1974)

1. Burglary and Unlawful Breakings § 5— break-in of business — sufficiency of evidence

     In a prosecution for breaking and entering and conspiracy to break and enter, evidence was sufficient to be submitted to the jury

where it tended to show that defendant and two others were riding by a business establishment when one suggested that they break in, defendant was posted at the back door as a look-out while his companions went inside, the companions took money from a safe inside, but defendant was gone when they came back out, and defendant demanded his share of the money when he saw his companions at the home of a friend later on that same night.

**2. Criminal Law § 77— statement by witness — necessity of voir dire to determine voluntariness**

The trial court was not required to conduct a *voir dire* examination to determine if a witness's statement made to defendant's attorney was freely and voluntarily made, since declarations from a witness do not stand upon the same footing as confessions of one on trial for crime.

**3. Criminal Law § 89— exclusion of prior inconsistent statement — prejudicial error**

Since the evidence in a prosecution for breaking and entering and conspiracy to break and enter would not have been sufficient to support a verdict of guilty on either charge if the jury did not believe the testimony of the State's witness, the trial court erred in excluding a prior inconsistent statement made by the witness to defendant's attorney.

ON *Certiorari* to review the trial of defendant before *McConnell, Judge,* 13 August 1973 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals on 20 June 1974.

This is a criminal action wherein the defendant, Wayne Edward Hackett, was charged in bills of indictment, proper in form, with breaking and entering and conspiracy to break and enter. The defendant entered a plea of not guilty as to both charges.

After presentation of the evidence, the jury returned verdicts of guilty of breaking and entering and guilty of conspiracy to break and enter of the grade of felony. The cases were consolidated for judgment and it was adjudged that the defendant be imprisoned for the term of ten (10) years.

On 19 April 1974 this Court issued the Writ of Certiorari.

*Attorney General Robert Morgan and Assistant Attorney General Parks H. Icenhour for the State.*

*Larry L. Eubanks for defendant appellant.*

State v. Hackett

HEDRICK, Judge.

[1] Defendant contends the trial court erred in failing to grant his motions for judgment as of nonsuit. The evidence presented by the State tends to establish the following:

On 3 September 1971 defendant and two other men, Junior Cameron and Marvin Pennell, were riding down Cassell Street in Winston-Salem "in something like a mail cart, a three-wheel buggy-like vehicle". Marvin Pennell, the principal witness for the State, testified that:

"[T]hey rode by Royal Cake Company, and they looked at the place, and one of them mentioned there ought to be something in it.

\* \* \*

He did not recall which one; but, anyway, they decided that they were going to break in and see what was in there and so all three of them in that little mail cart rode down the railroad tracks beside the Royal Cake Company to the back door . . . . "

Pennell further testified that all three of the men walked to the back door of the Royal Cake Company and that defendant was instructed "to watch for the law" while the other two men went inside. After opening the back door with a knife or screwdriver, the two men entered the building, took some money from a safe; and when they came back out, they discovered the defendant was gone. Later on that same night Pennell and Cameron found defendant at the house of a friend, and at that time defendant requested his part of the money. Cameron refused to give defendant any money; however, Pennell stated, "I think I had a pretty good bit of change I gave him. . . . "

Officials of the Royal Cake Company testified that the building was locked when they left the business on 3 September 1971 and that they gave no one permission to enter the building. Willis Gardner, controller of Royal Cake Company, testified that an inventory conducted by him after discovery of the break-in disclosed that $529.63 in cash and $799.70 in checks were missing from the safe.

This evidence, when viewed in the light most favorable to the State, is sufficient to withstand defendant's motions for nonsuit. Therefore, this assignment of error is overruled.

Next, we discuss defendant's assertion that the trial court committed error by not allowing defendant to impeach the witness Pennell by making references to a prior inconsistent statement made by Pennell. The background of the making of this prior inconsistent statement deserves attention. Before trial, defendant and his attorney, Larry L. Eubanks, visited Pennell at the Cherry Street prison camp. The attorney and his client engaged in a discussion with Pennell, after which the latter signed the following statement:

"State of North Carolina
County of Forsyth

I, Marvin David Pennell, do hereby solemnly swear that I know Wayne Hackett. Wayne Hackett did not ever plan or discuss with me or anyone else in my presence the breaking in at Royal Cake Company on Cassell Street nor did I ever say anything to him about him helping me do it.

Wayne Hackett did not participate, to my knowledge, in any break-in at Royal Cake Company with me or anyone else or in cracking the safe there. He did not discuss with me or anyone in my presence the safe-cracking at Royal Cake Company.

With regard to any participation by Wayne Hackett with a break-in at Thunderbird Drive-In, he never went into that place nor did he have anything to do with the break-in there.

This statement is made freely and voluntarily to Larry L. Eubanks, Attorney, and is not in any way coerced or untrue.

s/ MARVIN D. PENNELL

Witness: s/ SGT. H. D. ATKINS"

During the early stage of his cross-examination of the witness Pennell, defendant's counsel asked Pennell if he (Pennell) had given him an affidavit. At this point in the cross-examination, the State interposed an objection and requested that a voir dire be conducted. After holding a lengthy voir dire (the text of which composes 25 pages of the record), the trial judge made findings of fact and "exclude[d] the statement [made by Pen-

State v. Hackett

nell] and any further reference thereto in this trial." Defendant maintains that the trial court's exclusion of Pennell's statement deprived him of the use of a crucial impeachment device which was vital to defendant's ability to undermine the credibility of the State's principal witness. Conversely, the State submits that the defendant was afforded full cross-examination of the witness upon every phase of his examination-in-chief and that this was sufficient. However, the State further argues that even if it was error to exclude the statement that such error was not so prejudicial as to require a new trial. We agree with defendant's contention for the reasons stated below.

[2]    First, we note that the voir dire conducted by the trial court, which was ostensibly held for the purpose of determining if Pennell's statement was freely and voluntarily made, was an unnecessary procedure. Although recognizing the unusual circumstances of this case, we are not without authority for such a conclusion. In *State v. Williams*, 91 N.C. 599 (1884), our Supreme Court determined that even if the statements made by the witness were involuntary and coerced this would not be a sufficient reason for withholding them from the jury as "[s]uch declarations from a witness do not stand upon the same footing as confessions of one on trial for crime, superinduced by fear or hope . . . ." *State v. Williams, supra,* at p. 603. Therefore, the statement in the instant case being admissible for impeachment purposes, regardless of whether the statement was voluntarily made or not, the holding of a voir dire was unnecessary.

[3]    The testimony of the witness Pennell was critical to the State's case against the defendant as his testimony, if believed by the jury, was sufficient to convict the defendant of both offenses. If his testimony was not believed, the evidence would not have been sufficient to support a verdict of guilty on either charge. For this reason the defendant was entitled to impeach the testimony of Pennell by using the prior inconsistent statement as a basis of his cross-examination. The jury, acting as sole judges of the credibility of the witness Pennell, should have been allowed to decide if this statement so impeached the credibility of the witness as to render unbelieveable his previous testimony on direct examination. See, *State v. Williams, supra.*

The defendant has brought forward and argued several other assignments of error which we do not discuss as they are unlikely to recur upon retrial of this case.

New trial.

Chief Judge BROCK and Judge CAMPBELL concur.