STATE OF NORTH CAROLINA v. JERRY LEANDER POE

No. 7814SC550

(Filed 20 March 1979)

1. Crime Against Nature § 1— consensual fellatio between man and woman

   The crime against nature includes consensual fellatio between a man and woman.

2. **Constitutional Law § 21— consensual fellatio in private—prosecution not prohibited by right to privacy**

   The right of privacy does not prohibit the prosecution of unmarried persons for consensual fellatio done in private, and the State, consistent with the Fourteenth Amendment, can classify unmarried persons so as to prohibit fellatio between males and females without forbidding the same acts between married couples.

3. **Crime Against Nature § 1; Constitutional Law § 28— statute not unconstitutionally vague**

   G.S. 14-177 is not unconstitutionally vague, as persons of ordinary intelligence would conclude fellatio between a man and a woman would be classified as a crime against nature and forbidden by the statute.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 31 January 1978 in Superior Court, DURHAM County. Heard in the Court of Appeals 17 October 1978.

This is an appeal by the defendant from a conviction of the crime against nature. The defendant, a male person, was charged with the rape of a female person and committing a crime against nature with her. At the end of the State's evidence, the court dismissed the charge of rape. The evidence for the State and defendant showed the prosecuting witness performed a fellatio on the defendant. Defendant's evidence was to the effect that the act was done in private with the consent of both parties, who were adults. The court refused the request of the defendant to charge the jury that if the act was done in private between two consenting adults, the defendant would be not guilty. The defendant was found guilty and from the imposition of a prison sentence, he has appealed.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Upchurch, Galifianakis and McPherson, by William V. McPherson, Jr., for defendant appellant.*

WEBB, Judge.

G.S. 14-177 provides:

If any person shall commit the crime against nature, with mankind or beast, he shall be guilty of a felony, and shall be fined or imprisoned in the discretion of the court.

The defendant advances three arguments as to why the trial in the superior court should be reversed. These are: (1) the crime against nature does not include a consensual fellatio between an adult man and adult woman, (2) defendant may not be prosecuted for a consensual fellatio with an adult female because to do so violates his constitutionally guaranteed right of privacy, and (3) the statute as applied to the defendant is unconstitutionally vague. We discuss the arguments in order.

[1]  (1) The crime against nature includes a consensual fellatio between a man and a woman.

The defendant urges this Court to define a crime against nature so as not to include an act between an adult man and an adult woman if no force is used. We decline to do so. In *State v. Jernigan*, 255 N.C. 732, 122 S.E. 2d 711 (1961), the Court said by way of dictum that force was not an essential element of the crime against nature when committed between a man and a woman. It is said at 81 C.J.S., Sodomy, § 5, at page 653, "Thus, the offense of sodomy may be committed with the consent of both parties, and without compulsion or force." We believe we would be changing a definition of a crime which has stood for many years if we followed the suggestion of the defendant, and this we cannot do.

[2]  (2) The defendant's right of privacy does not prevent his prosecution under G.S. 14-177.

The defendant contends that the right of privacy which he has under the United States Constitution protects him from prosecution in this case. He argues that *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed. 2d 510 (1965) enunciated a constitutionally protected right of privacy in sexual relations between married persons and that *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed. 2d 349 (1972) extended the same right of privacy to unmarried persons. The appellant cites authority that a state may not punish married persons for sodomic acts committed within the marriage. 58 A.L.R. 3d 636 (1974); *State v. Lair*, 62 N.J. 388, 301 A. 2d 748 (1973); *Cotner v. Henry*, 394 F. 2d 873 (7th Cir. 1968), *cert. denied*, 393 U.S. 847, and *Lovisi v. Slayton*, 539 F. 2d 349 (4th Cir. 1976), *cert. denied*, 429 U.S. 977. The appellant argues that the United States Supreme Court has held in *Eisenstadt* that unmarried persons have the same right of privacy

in sexual relations as married persons. He argues further that the right of privacy prohibits the prosecution of married persons for fellatio done in private. He concludes the right of privacy prohibits the prosecution of unmarried persons for consensual fellatio done in private. The appellant's position depends on the interpretation of the *Eisenstadt* case. In *Griswold v. Connecticut, supra,* it was held there is a zone of privacy protected by several constitutional guarantees; that within this zone is the sexual relationship between the husband and wife, and it violates this right of privacy to convict a third person for prescribing a contraceptive for the wife. In *Eisenstadt v. Baird, supra,* the Court interpreted this right of sexual privacy as it applied to unmarried persons. In that case the defendant was convicted under a Massachusetts statute which prohibited the distribution of contraceptives to unmarried persons to prevent pregnancy. The statute did not prohibit the distribution of contraceptives to anyone for the purpose of preventing the spread of disease. The United States Supreme Court interpreted the Massachusetts law not as an attempt to discourage premarital sex, but as an effort to prevent the use of contraceptives. The Court held that under the Fourteenth Amendment, there was not a rational basis for the class created by this statute. As we read *Eisenstadt,* it holds that if the state is not trying to proscribe premarital sex but is attempting to stop the use of contraceptives by unmarried but not by married persons, the equal protection clause extends the right of privacy of married persons to unmarried persons. We do not believe *Eisenstadt* protects the defendant in this case. In this case the state has proscribed certain sexual conduct. In *Eisenstadt* sexual conduct was not proscribed, but merely the use of contraceptives while engaging in that conduct by unmarried persons. The Court held that was an unreasonable classification. Conceding for purposes of argument that a husband or wife could not be prosecuted for engaging in fellatio in private with his or her spouse, we do not believe it creates an unreasonable class to treat unmarried persons differently. The state can forbid certain types of sexual conduct. The statute under which the defendant was prosecuted forbids homosexual as well as heterosexual unnatural sex acts. It has been upheld as to homosexual acts. *See State v. Enslin,* 25 N.C. App. 662, 214 S.E. 2d 318, *appeal dismissed,* 288 N.C. 245 (1975), *cert. denied sub nom. Enslin v. North Carolina,* 425 U.S. 903, *aff'd sub nom. Enslin v. Wallford,* No.

77-1309 (4th Cir. Nov. 1, 1977). In this state, fornication and adultery have been proscribed since at least 1805. G.S. 14-184. We believe the state, consistent with the Fourteenth Amendment, can classify unmarried persons so as to prohibit fellatio between males and females without forbidding the same acts between married couples. We hold that the constitutional right of privacy does not protect the defendant in this case.

[3]   (3) The statute is not unconstitutionally vague.

The defendant argues that the statute is unconstitutionally vague.

"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

* * *

. . . If a statute is so designed that persons of ordinary intelligence who would be law abiding can tell what conduct must be to conform to its requirements and it is susceptible of uniform interpretation and application by those charged with the responsibility of enforcing it, it is invulnerable to an attack for vagueness." 16 Am. Jur. 2d, Constitutional Law, § 552, pp. 951-52.

In interpreting a statute, we must incorporate in it decisions interpreting that statute. *See Perkins v. State,* 234 F. Supp. 333 (W.D.N.C. 1964). The defendant concedes in his brief that *State v. Fenner,* 166 N.C. 247, 80 S.E. 970 (1914) and *State v. Griffin,* 175 N.C. 767, 94 S.E. 678 (1917) are "perhaps sufficiently broad to cover consensual heterosexual fellatio" as proscribed by the statute. We do not rest on this. We believe that persons of ordinary intelligence would conclude a fellatio between a man and a woman would be classified as a crime against nature and forbidden by G.S. 14-177. This keeps it from being unconstitutionally vague.

No error.

Judges MORRIS (now Chief Judge) and VAUGHN concur.