**Willis Reginald CREECH, Petitioner,**

v.

**C. L. SPARKMAN, et al., Respondents.**

**No. 81–29–HC.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Oct. 1, 1981.

---

Wayne Eads, Raleigh, N. C., for petitioner.

Richard N. League, Sp. Deputy Atty. Gen., N. C. Dept. of Justice, Raleigh, N. C., for respondents.

## ORDER

BRITT, District Judge.

Petitioner, Willis Reginald Creech, was convicted by a jury in the Superior Court for Cumberland County of a crime against nature under N.C.Gen.Stat. § 14–177. He is currently serving a ten-year term prison sentence [1] and brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Six claims for relief are presented in the petition. First, that N.C.Gen.Stat. § 14–177 is unconstitutionally void for vagueness in violation of due process. Second, that the statute unconstitutionally infringes on the petitioner's right to privacy. Third, that the statute applies only to unmarried persons in violation of equal protection. Fourth, that the statute is overly broad under the due process clause as it unnecessarily infringes on married persons' right to privacy. Fifth, that the statute was selectively enforced against the petitioner in violation of equal protection. Sixth, that the statute is applied unequally within the same class in violation of the equal protection clause.

---

1. Petitioner appealed his conviction to the North Carolina Court of Appeals, which affirmed. *State v. Creech*, 36 N.C.App. 651, 244 S.E.2d 742 (1978).

The case is before the Court on respondents' motion to dismiss. Upon review of the trial record and the parties' briefs, the Court concludes that respondents' motion should be granted and Creech's petition denied.

Petitioner has presented only the fifth claim—selective enforcement—to the North Carolina Courts on direct appeal. *See* Record 89–90, *State v. Creech*, 36 N.C.App. 651, 244 S.E.2d 742 (1978). The five claims not presented on direct appeal are thus subject to disposal on procedural grounds. This Court will reach the merits only on the selective enforcement issue.

## I. *Claims Not Presented to the State Courts*

Petitioner's failure to present five of the preceding claims to the North Carolina state courts bars their consideration in the federal system. This determination flows from scrutiny of two concepts: exhaustion of remedies and forfeiture resulting from procedural default. This Court finds it imperative to consider these concepts specifically, to provide a clearer rationale for this order.

### A. *Exhaustion of State Remedies*

■ When considered apart from procedural default, exhaustion merely requires a habeas petitioner initially to press his claim[s] in the state courts. 28 U.S.C. § 2254(b) & (c) (1976). As a matter of comity, federal courts should stay their hand until the issue has been determined in the normal course of the state proceedings. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886).

■ Petitioner asserts that he need not exhaust his state remedies since all such efforts would be futile. He bases this position on prior state decisions upholding N.C. Gen.Stat. § 14–177 against various constitutional challenges. *See, e. g., State v. Adams*, 299 N.C. 699, 264 S.E.2d 46 (1980); *State v. Poe*, 40 N.C.App. 385, 252 S.E.2d 843, *appeal dismissed*, 298 N.C. 303, 259 S.E.2d 304 (1979); *State v. Enslin*, 25 N.C. App. 662, 214 S.E.2d 318, *appeal dismissed*, 288 N.C. 245, 217 S.E.2d 669 (1975), *cert. denied*, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 753 (1976). Respondents concede that, absent a finding of forfeiture due to procedural default, exhaustion is not required where the effort is futile.[2] It is certainly sound policy in the interest of judicial economy not to require a habeas petitioner to seek state relief when the denial of such relief is certain.

Despite the concession of respondents, inquiry into this question of futility is instructive. Petitioner has no further avenue on direct appeal. Nevertheless, he may proceed to a collateral attack—post-conviction relief—under the appropriate North Carolina statute. *See* N.C.Gen.Stat. §§ 15A–1411 *et seq.* (1978). The motion would be directed to the trial court which would be bound to follow the decisions of the North Carolina appellate courts on the constitutional issues. Since the state courts have consistently upheld the statute, post-conviction relief would probably be denied.

Petitioner seeks to bolster his claim of futility with numerous references to the unique facts in the case at bar.[3] He urges this Court to grant his petition because of these extraordinary facts which have never been presented in the North Carolina courts. His assertion proves too much. If the facts are, indeed, so unique, then the trial court, pursuant to a motion for appro-

---

**2.** The state may waive exhaustion in order to permit the court to reach the merits of frivolous claims. *Jenkins v. Fitzburger*, 440 F.2d 1188 (4th Cir. 1971). Although the state's brief is unclear, this Court declines to treat the respondents' concession as a waiver under *Jenkins*.

**3.** Petitioner claims no cases involving private, consensual, heterosexual oral sex have been involved in the challenges to the constitutionality of N.C.Gen.Stat. § 14–177. This Court notes the dispute in the record as to the actual consent in this case. For the purposes of these procedural questions, however, neither the uniqueness of the facts nor the consent involved are relevant.

priate relief, would be able to consider the constitutional claims, distinguishing previous appellate decisions on their facts. Even if prior state court decisions could not be distinguished factually, good grounds would exist for appellate review of the trial court's disposition of the motion.

■ This Court finds it unnecessary to evaluate the factual uniqueness of this case. Rather, it concludes that exhaustion is not required. The language of the applicable state provision for denying post-conviction relief, N.C.Gen.Stat. § 15A–1419 (1978), and the restrictive interpretation placed upon such relief by the North Carolina courts, *State v. White*, 274 N.C. 220, 162 S.E.2d 473 (1968), all but assure the absence of any relief for petitioner in the state courts. Dismissal for non-exhaustion of state remedies is, therefore, inappropriate. *Ellis v. Reed*, 596 F.2d 1195, 1197 n.2 (4th Cir.), cert. denied, 444 U.S. 973, 100 S.Ct. 468, 62 L.Ed.2d 388 (1979).

B. *Procedural Default Based Upon Independent State Grounds*

■ The fatal element in petitioner's pursuit of these claims lies in his failure to follow the prescribed procedure in his appeal. On direct appeal he failed to raise these five issues. Under the restrictive view of *Wainwright* espoused by the Fourth Circuit, *Cole v. Stevenson*, 620 F.2d 1055 (4th Cir.), cert. denied, 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980), petitioner is barred from now asserting these claims in a habeas corpus proceeding. A discussion of this result is appropriate.

■ In limiting the availability of habeas corpus relief, the United States Supreme Court held that "contentions of federal law which were *not* resolved on the merits in the state proceedings due to [petitioner's]

failure to raise them there as required by state procedure" precludes their review in a habeas petition. *Wainwright*, 433 U.S. at 88, 97 S.Ct. at 2507. The failure to follow state procedure creates an independent state ground to bar federal review absent a demonstration of cause and prejudice by the petitioner. *Id.* Although the Court expressly limited its decision to its facts, *id.* at n.12, the Fourth Circuit has adopted a broader interpretation as reflected in *Cole.*

There, the Court began by distinguishing exhaustion from procedural default, noting that even if petitioner is "excused from appeal in order to satisfy exhaustion requirements, the failure to appeal *although fruitless* would have no effect on the application of *Wainwright.*" *Cole*, 620 F.2d at 1058 (emphasis added). In *Cole*, the habeas petitioner had been denied post-conviction relief in a collateral proceeding in state court due to his failure to present his federal constitutional claim on direct appeal. Having failed to meet the mandatory requirements in perfecting his direct appeal, he was "barred from presenting the question to North Carolina courts" which, in turn, barred his "federal habeas corpus relief." *Id.* at 1058–59, 1063.[4]

The *Wainwright* rule evolved from the application of a contemporaneous objection rule. The Court in *Cole* found that fact irrelevant and determined that any procedural error by the petitioner which would create an independent ground to preclude state review likewise barred federal review. *Id.* Since the North Carolina statute permits a court to deny relief if the petitioner failed, upon previous appeal, to raise the issue, N.C.Gen.Stat. § 15A–1419(a)(3) (1978), *Cole* effectuates a circular treadmill, guaranteeing that claims not raised on direct appeal will never be heard, absent a showing of cause and prejudice.

---

4. Cole actually made a post-conviction motion for relief which was denied because he had failed to raise the issue on direct appeal. *Cole v. Stevenson*, 620 F.2d 1055, 1059 (4th Cir.), cert. denied, 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980). Petitioner here has yet to make such a motion. Under the state statute, however, his failure to raise the federal constitutional issues on direct appeal is ground for denying his motion. N.C.Gen.Stat. § 15A–1419(a)(3) (1978). Although that statute does provide an avenue for the state court to grant the motion, despite the procedural default, "in the interests of justice and for good cause shown," that provision has been questioned as an effective tool for relief. *Ellis v. Reed*, 596 F.2d 1195, 1197 n.2 (4th Cir.), cert. denied, 444 U.S. 973, 100 S.Ct. 468, 62 L.Ed.2d 388 (1979).

The final consideration is, therefore, whether petitioner has demonstrated cause and prejudice under *Wainwright.* Petitioner advances no reason for his failure. This Court notes, in addition, that *Cole* has set an exceedingly high standard for finding cause. There, the Court declined to find cause even when the issue which the petitioner needed to have raised was contrary to a direct holding of the United States Supreme Court.[5] Under that standard, petitioner in the instant case would certainly be required to pursue his constitutional claim to the trial court despite the prior contrary determinations of the North Carolina appellate courts. Accordingly, this Court finds no adequate cause for petitioner's procedural default, making it unnecessary to reach the question of prejudice. *Cole,* 620 F.2d at 1062. *See Francis v. Henderson,* 425 U.S. 536, 542, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1975). Therefore, petitioner's first, second, third, fourth and sixth claims are dismissed.

## II. *Selective Enforcement Claim*

Petitioner claims that the statute under which he was convicted was selectively enforced against him in violation of his right to equal protection. This issue was presented to the North Carolina Court of Appeals, Record 89–90, *State v. Creech,* 36 N.C.App. 651, 244 S.E.2d 742 (1978), and is properly before this Court.

 To establish a prima facie case of selective enforcement the defendant must show: that others similarly situated have not been proceeded against because of conduct of the type forming the basis against him, and that the government's discrimination against him has been in bad faith. *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir. 1974); *Wheaton v. Hagan,* 435 F.Supp. 1134, 1149 (M.D.N.C.1977). Petitioner fails to meet either requirement.

 He alleges that others must be engaged in heterosexual, private, consensual oral sex activity. That allegation into the unknown is insufficient. Even if accepted, it fails to establish a knowing failure to enforce. Petitioner's sole example is twelve individuals who received thirty-day suspended sentences for public homosexual acts resulting in conviction under the same statute. This event does not support his claim. The mere conviction of these individuals dispels any possibility of selective enforcement. The disparity in sentencing is not an element of selective enforcement and is not, therefore, before this Court. Furthermore, petitioner's repeated claim of discrimination because of his private consensual activity is an undue extrapolation of the record. He was convicted of a crime against nature after a trial on charges of kidnapping, rape, and crime against nature. The totality of the evidence indicates, at the very least, a dispute as to the consent involved in the "unnatural" acts.

Assuming *arguendo* satisfaction of the first requirement, petitioner makes no claim as to impermissible motive or bad faith. Prosecutors are necessarily vested with discretion in selecting those who will be prosecuted. *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 505–06, 7 L.Ed.2d 446 (1962). Petitioner's claim of selective enforcement is without merit.

Respondents' motion to dismiss is granted.

SO ORDERED.

---

**5.** During Cole's trial and direct appeal, it was permissible for the jury to be instructed that the burden of proving self-defense was on the defendant. Consequently, Cole did not object to such an instruction and did not challenge it on appeal. Subsequently, the Court reversed the position on the burden of proof. *See Mulla-* *ney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Cole then sought to challenge the instructions given at his trial. *See Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980).