CLYDE H. NESTLER v. CHAPEL HILL/CARRBORO CITY SCHOOLS BOARD OF EDUCATION

No. 8215SC1138

(Filed 7 February 1984)

**1. Schools § 13.2— dismissal of career teacher for inadequate performance**

A career teacher was properly dismissed by defendant Board of Education for "inadequate performance" on the basis of findings supported by substantial evidence concerning the teacher's poor organization in the classroom and failure to show an acceptable amount of initiative in trying to find more effective means of achieving his objectives.

**2. Schools § 13.2— dismissal of teacher for inadequate performance—constitutionality of statute**

The statute permitting dismissal of a career teacher for "inadequate performance," G.S. 115C-325(e)(1)(a), is not unconstitutionally vague as applied to petitioner where petitioner was advised on several occasions that his performance was inadequate because of his teaching methods.

APPEAL by respondent from *Clark (Giles R.), Judge.* Judgment entered 10 September 1982 in Superior Court, ORANGE County. Heard in the Court of Appeals 22 September 1983.

This is an appeal by the respondent Board of Education from a judgment of the superior court reversing a decision of the Board to terminate the employment of the petitioner. In May 1981, Dr. Nestler was notified by the Superintendent of Schools

that she intended to recommend to the Board of Education that petitioner's employment be terminated for inadequate performance. The petitioner was granted a hearing by a professional review panel which by majority vote "did not find that the grounds for recommendation of the Superintendent are true and substantiated." The Superintendent, nevertheless, recommended to the Board that petitioner's employment be terminated.

The Board held a hearing for the petitioner in August 1981. The evidence at the hearing showed that the petitioner was first employed as a teacher by the Board in the fall of 1971. He first taught algebra and chemistry but since 1975 has taught only chemistry. He was placed on conditional status for the 1972-73 school year and was removed from such status the following year, becoming a career teacher. He was observed and evaluated by four different principals from 1971 through 1978 and his performance was satisfactory during that period.

In the fall of 1978 Dr. Robert Monson became principal of Chapel Hill High School. He testified that observations of the petitioner in the 1978-79 school year raised concerns in regard to his competence. He testified that the petitioner's teaching lacked instructional organization. Factors which led him to this conclusion were (1) what he felt was poor anticipatory set which is "giving the kids an opportunity to mentally shift gears from their previous class"; (2) failing to establish an objective by which he tells "the kids what he expects of them in that particular class period, and hopefully, ties that together with what has previously happened in class"; (3) inadequate checking on comprehension including not asking questions of all students in the class to see whether all students were learning; (4) talking in a monotone; (5) too much lecturing and not involving the students in the learning; (6) laboratory experiments that were weak in that students were not required to generate an hypothesis; and (7) inadequate homework assignments so that the students were not expected to complete work at home and begin at that point the next day. Dr. George Fleetwood, Director of Secondary Education for the Chapel Hill-Carrboro City Schools, and Doug Dwyer, Assistant Principal of Chapel Hill High School, participated in observations of the petitioner and they concurred in Dr. Monson's conclusions.

On 15 May 1979 Dr. Monson evaluated petitioner as "fair" on a six-point scale ranging from unsatisfactory to outstanding. Dr. Monson testified that due to a failure to sufficiently improve, Dr. Nestler was placed on conditional status in December 1979. In May 1980, the evaluation of Dr. Nestler was raised "to between satisfactory and fair" and he was continued on conditional status for the 1980-81 school year. In May 1981 Dr. Monson concluded that the petitioner had not sufficiently improved his performance and recommended that he be dismissed. Dr. Monson testified that as a teacher the petitioner was strong in all areas except instructional methodology. No comparison was made between the achievements of petitioner's students and other chemistry students in Chapel Hill or elsewhere.

Diane Bost and Elton G. Smith, two teachers in the Chapel Hill High School, testified for petitioner as to his competency. Dr. Nestler testified as to his technique for making sure his students were learning. He said that after a short period of time he knew which students were having difficulty with the subject matter. He called on those students to involve them in the class. One method he used for helping those students was to work with them when the other students were working on assignments. He had also used volunteer tutors to help these students. He stated that he called on more students after his conference with Dr. Monson. He also used more methods to improve the anticipatory set. He testified that he felt that he did let the students know the objectives for each day. He felt that Dr. Monson could not properly appreciate the experiments conducted in the classroom because he did not know the problems to be solved. He testified that one of the criticisms made by Dr. Monson was that his voice could not be heard in the back of the room but noted that in a recording made from the back of the room during an observation his voice was clear.

The Board of Education made a decision in which it found among other facts that the petitioner was placed on conditional status where he remained for one and one-half years for poor performance in the classroom. He showed some improvement in the spring of 1980 but this improvement did not continue in the 1980-81 school year. The petitioner's weaknesses as a teacher consisted of poor organization in the classroom and a failure to show an acceptable amount of initiative in trying to find more effective

means of achieving his objectives. Based upon these facts the Board concluded that petitioner's performance was inadequate and approved the termination of his contract.

Dr. Nestler petitioned the superior court for review. The superior court held that the findings of fact and conclusions of law made by the Board that the performance of the petitioner was inadequate were not supported by substantial evidence. The superior court also held that G.S. 115C-325(e)(1)(a) as applied to the petitioner violates the due process clause of the fourteenth amendment to the United States Constitution because it is too vague. The superior court ordered the petitioner reinstated as a career teacher in the Chapel Hill-Carrboro City Schools.

The respondent appealed.

*Winston, Blue, Larimer and Rooks, by J. William Blue, Jr., for petitioner appellee.*

*Alexander and McCormick, by John G. McCormick, for respondent appellant.*

*Tharrington, Smith and Hargrove, by George T. Rogister, Jr. and Ann L. Majestic, for North Carolina School Boards Association, amicus curiae.*

WEBB, Judge.

[1]   We believe the Board's findings of fact as to the petitioner's weakness as a teacher support the conclusion of his inadequate performance. If these findings of fact were supported by the evidence, the superior court was in error in reversing the Board's decision. The standard of review for the superior court is the "whole record test" which requires that in considering the substantiality of the evidence to support the findings of fact, the court must take into account whatever in the record fairly detracts from the weight of the evidence supporting the findings of fact. *See Thompson v. Board of Education,* 292 N.C. 406, 233 S.E. 2d 538 (1977). We believe that the testimony of Dr. Monson which was supported by the testimony of Dr. George Fleetwood and Doug Dwyer establishes the inadequacies of the petitioner as a teacher.

The petitioner argues that a consideration of the evidence that fairly detracts from the evidence in support of the Board's findings of fact shows that the findings were erroneous. The petitioner received a grade between fair and satisfactory in May of 1980. He says that by the Board's own standard this contradicts any finding of fact that there was a weakness or deficiency in his performance. He also contends that Dr. Monson's testimony on direct examination was so weakened by his testimony on cross-examination that it is of no credibility. As to Dr. Monson's testimony that petitioner made inadequate attempts to check on comprehension by students and that some students went the entire year without being called upon, Dr. Monson stated on cross-examination that this was based on the classes he observed and "by comments either formal or informal that we hear from parents, from students." Petitioner argues that this method is not adequate for the support of Dr. Monson's testimony on this point. As to Dr. Monson's testimony that students were assigned problems with no effort made to determine the comprehension level of the students in working the problems and that petitioner failed to relate the problems to classroom work, Dr. Monson testified on cross-examination that he made no effort to work the problems and was not sure he could have done so. Petitioner argues that for this reason Dr. Monson's testimony on this point is not credible.

Dr. Monson stated on direct examination that the laboratory experiences offered by petitioner were inadequate and poorly organized. On cross-examination, he admitted that of the three observations he made in 1978-79, a laboratory experience was observed on one occasion and in 1979-80 laboratory experiences occurred during five of the nine observations he made. One laboratory experience for each ten class sessions generally provides an adequate number of laboratory experiences and the petitioner contends the evidence does not show he was inadequate in the laboratory work assigned. Dr. Monson supported in part his testimony that the petitioner did not adequately challenge his students with the statement that students asked to be in other classes because of a greater challenge. At another point in his testimony he said that he did not use student comments to form his opinions as to the competency of teachers. Petitioner argues this inconsistent approach destroys the credibility of Dr. Mon-

son's testimony. As to Dr. Monson's testimony that petitioner had not made an adequate effort for professional growth and maturity the petitioner testified at length in regard to the efforts he had made to improve his teaching skills.

Other evidence which the petitioner contends detracts from the evidence in support of the findings of fact was the lack of any evidence that as to comparison between standardized tests given to the petitioner's students and other chemistry students and the report of the professional review panel which found the grounds for dismissal were not substantiated.

When all the evidence is considered which detracts from the evidence in support of the findings of fact, we believe the findings of fact are supported by substantial evidence. Dr. Monson, Dr. Fleetwood, and Doug Dwyer testified to the petitioner's deficiencies as a teacher. It is true that this testimony was weakened by cross-examination but we do not believe it was to such an extent to make it incredible. We believe the evidence is that there were certain objective standards which were followed in evaluating the petitioner as a teacher. The persons observing the petitioner were no doubt somewhat subjective, as any human would be, in applying these standards but we believe it could be and the evidence in this case shows the standard was fairly applied.

The evidence that petitioner had an excellent grasp of his subject matter, that there was no test showing his students were not as proficient in chemistry as other students, and that the professional review panel did not find the grounds for dismissal were substantiated, is evidence that detracts from the evidence supporting the findings of fact. When this evidence is considered, however, with all the evidence in the record, we still have the testimony of Monson, Fleetwood and Dwyer which we believe has been not so discredited as to not be substantial evidence supporting the Board's findings of fact. We do not believe that the Board was bound by the grade given to the petitioner by Dr. Monson in May 1980. We hold that the superior court substituted its judgment for the judgment of the Board of Education when it held the Board's findings of fact were not supported by the evidence.

[2] The superior court also held that G.S. 115C-325(e)(1)(a) is unconstitutionally vague as applied to the petitioner. This statute provides in part:

---

Nestler v. Chapel Hill/Carrboro Bd. of Education

---

(e) Grounds for Dismissal or Demotion of a Career Teacher:

(1) No career teacher shall be dismissed or demoted or employed on a part-time basis except for one or more of the following:

a. Inadequate performance.

Under the due process clause of the fourteenth amendment to the United States Constitution, a statute is void for vagueness if its terms are so vague, indefinite and uncertain that a person cannot determine its meaning and therefore cannot determine how to order his behavior to meet its dictates. *See Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939) and *State v. Poe*, 40 N.C. App. 385, 252 S.E. 2d 843, *cert. denied*, 298 N.C. 303, 259 S.E. 2d 304 (1979), *appeal dismissed, sub nom., Poe v. North Carolina*, 445 U.S. 947, 100 S.Ct. 1593, 63 L.Ed. 2d 782 (1980).

We believe that the term "inadequate performance" is one that a person of ordinary understanding can comprehend in regard to how he is required to perform. In this case the evidence is that the petitioner was advised on several occasions that his performance was inadequate because of his teaching methods. We believe that as applied to the petitioner, he was given an objective standard with which a person of ordinary understanding could determine how he must comply. We do not believe the statute is unconstitutional as applied to the petitioner.

We reverse the judgment of the superior court and remand for an order consistent with this opinion.

Reversed and remanded.

Judges HEDRICK and HILL concur.