STATE OF NORTH CAROLINA v. JAMES LEON JOHNSON

No. 824SC1218

(Filed 7 February 1984)

**Criminal Law § 89.4; Rape and Allied Offenses § 4.3— inconsistent statements concerning prior sexual assault—admissibility in rape, sexual offense and crime against nature cases**

> In a prosecution for second degree rape and second degree sexual offense, prior inconsistent statements made by the prosecutrix concerning an alleged sexual assault upon her two years earlier were not rendered inadmissible by the rape victim shield statute, G.S. 8-58.6(b), and were relevant to the issues of the prosecutrix's credibility and consent, and the exclusion of such statements constituted prejudicial error where the only real issue for the jury was the credibility of the prosecutrix's testimony. Furthermore, the exclusion of the prior inconsistent statements was equally prejudicial to defendant on a crime againt nature charge where the only real issue for the jury was the credibility of the prosecutrix's testimony concerning penetration.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 9 April 1982 in Superior Court, ONSLOW County. Heard in the Court of Appeals 2 September 1983.

Defendant was charged with second degree rape, second degree sexual offense, and one count of crime against nature. The State's evidence tended to show the following: Defendant, a

member of the victim's husband's Marine unit, came to her home late at night while her husband was on maneuvers and knocked on the door. When Mrs. Nichols answered, defendant asked for her husband. Mrs. Nichols replied that he was not home and she then let defendant in the house, after agreeing to give him a ride back to the base. According to Mrs. Nichols, before she had finished changing her clothes, defendant grabbed her and forced her into the bedroom. There he committed cunnilingus and intercourse. Afterwards, he left.

Defendant testified that after Mrs. Nichols had agreed to give him a ride, they both sat around and talked. After some conversation, they embraced and went into the bedroom. There they had sex, both vaginal and oral and then he left.

Defendant did not deny the acts in question, but defended on the ground of consent. The jury found him guilty on all three charges. From a judgment imposing 12 years imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Francis W. Crawley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

JOHNSON, Judge.

Defendant raises one question in his appeal: Whether the trial court improperly excluded evidence that the prosecuting witness suffered a sexual assault about two years previously. For the reasons set forth below, we answer the question in the affirmative. The court ruled that "evidence of and mention of an alleged prior sexual assault" was irrelevant and inadmissible since it did not fall within the purview of any specific exception in the rape victim shield statute, G.S. 8-58.6(b). Defendant proposed to introduce statements concerning the prosecuting witness' prior rape, which statements were allegedly made by the prosecuting witness both to defendant and to the examining physician, and statements concerning the fact that at the preliminary hearing she denied making any such statements.

We believe that the decision of the Supreme Court in *State v. Younger*, 306 N.C. 692, 295 S.E. 2d 453 (1982), directly controls our decision. In *Younger*, as here, the witness' testimony at the preliminary hearing and her previous statement to the examining physician regarding prior sexual activity differed markedly. There, as here, credibility was the critical issue. In holding that the trial court erred in excluding the evidence, the Supreme Court stated:

> Impeachment by prior inconsistent statements is a practice invoked in all types of trials against all types of witnesses. This was not an attempt by the defendant to impeach the credibility of the witness by revealing acts of prior sexual conduct, rather it challenges her credibility through her own prior inconsistent statements. The fact that this question includes a reference to previous sexual behavior does not prevent its admission into evidence, instead the sexual conduct reference goes to the degree of prejudice which must be balanced against the question's probative value.

*Id.* at 698, 295 S.E. 2d at 456-57. The court must still weigh the prejudicial effect of such evidence against its probative value. *Id.* at 697, 295 S.E. 2d at 456. Here, however, the court failed to do so, and therefore it could not have exercised its discretion in deciding the matter. The witness' testimony in question formed the case both for and against defendant. The only real contest concerned credibility. Under *Younger, supra*, exclusion of the evidence of one witness' inconsistent statements was clearly prejudicial and required a new trial.

In any event, the exclusionary rule of the rape victim shield statute does not appear to reach the particular evidence in question here. The statute primarily addresses evidence of a "general reputation for unchastity." *See State v. Fortney*, 301 N.C. 31, 269 S.E. 2d 110 (1980). One might strain to construe the phrase "sexual behavior" in G.S. 8-58.6(a) to include submission to forcible rape, but we find nothing in the statute or the prior law to show that such a construction is warranted. Traditional rules barring prejudicial evidence of little probative value should serve to ensure that this sort of evidence is routinely excluded except where, as here, it has some other relevant purpose.

As to the charge of rape, the excluded testimony was relevant to both the issue of Mrs. Nichols' credibility and to the defense of consent. Defendant testified that once he was inside the trailer, he used the bathroom and then returned to the living room; that he and Mrs. Nichols had a conversation and then embraced and kissed; that he suggested the bedroom and she agreed; and that they engaged in consensual sexual activity. Further, that the two had a lengthy conversation about Mrs. Nichols' background and wedding; that they looked through a photo album and that Mrs. Nichols gave defendant a picture of herself. Defendant testified that after their talk, he and Mrs. Nichols again engaged in sexual intercourse and afterwards conversed about the possibility of her becoming pregnant.

Mrs. Nichols testified that she changed her clothes and when she came out of the bathroom, the defendant grabbed her from behind, put his hand over her mouth, told her not to scream and pushed her face down on the bed. Then defendant pulled her off the bed and, standing behind her with his hand over her mouth, ultimately removed her clothes. Defendant then alternately performed cunnilingus and intercourse with her; throughout the time that defendant undressed her and partially undressed himself, he held his hand over her mouth. She did not struggle, bite, scratch or scream. Mrs. Nichols testified further that afterwards, defendant washed himself off, pushed her back into the living room, took a picture of her out of the photo album and told her to write something on the back. She did so and then defendant ran out the back door.

It is defendant's contention that the only way he could have learned about an event as personal and intimate as Mrs. Nichols' prior rape was by her statements to him while they were sitting around, looking through her photo album and discussing her background. Further, that disclosure of such personal information is only likely to be made to a person with whom the alleged victim has shared some sort of physical or emotional intimacy and that circumstantial evidence of this nature gives rise to the inference of a consensual sexual encounter. We agree and hold that the exclusion of testimony regarding Mrs. Nichols' prior rape prejudiced the defendant in his attempt to establish a defense on the basis of consent.

Because of the erroneous application of the rape victim shield statute, defendant is entitled to a new trial on the rape and sexual offense charges. He was also convicted of the crime against nature, which the shield statute does not address. G.S. 8-58.6(c). His defense focused on the issue of consent; however, consent is not a defense to the crime against nature. *State v. Adams*, 299 N.C. 699, 264 S.E. 2d 46 (1980); *State v. Poe*, 40 N.C. App. 385, 252 S.E. 2d 843 (1979).

Nevertheless, the State must prove every element of the crime against nature, including the element of penetration. *See State v. Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978). The prosecuting witness testified that defendant penetrated her with his tongue; defendant denied penetration. The examining physician's report indicated that cunnilingus was "attempted," but no other evidence of penetration appears in the record. Thus, the credibility of the prosecuting witness' testimony again constituted the only real issue for the jury to resolve. The rationale of *Younger* compels the conclusion that exclusion of the prior inconsistent statements was equally prejudicial to defendant on the crime against nature charge. The prosecuting witness' testimony supplied the essential elements of the State's case and therefore the exclusion of the proffered evidence prejudiced defendant, requiring a new trial. *State v. Younger, supra; State v. Hackett*, 22 N.C. App. 619, 207 S.E. 2d 362 (1974).

We hold that there must be a new trial as to all three charges.

New trial.

Judges BECTON and BRASWELL concur.