STATE OF NORTH CAROLINA v. STEVEN McCRIMMON

No. 8715SC839

(Filed 5 April 1988)

**Rape § 4.3— prior sexual behavior of prosecutrix—evidence inadmissible**
　　　　There was no merit to defendant's contention in a rape case that because a witness testified that the victim was a "nice person" and a detective stated that the witness had voiced a similar opinion during a recorded statement

given to police, certain portions of that recorded statement concerning the victim's prior sexual history should have been admitted into evidence, since the statement in question did not fit into any of the four categories of admissible evidence of prior sexual behavior described in Rule 412(b) of the N.C. Rules of Evidence.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 17 November 1986 in Superior Court, ORANGE County. Heard in the Court of Appeals 9 February 1988.

At approximately two p.m. on 7 May 1986, Patricia Murray went to Rigsbee's Store in Carrboro, North Carolina and shared two bottles of wine with a few other people, including defendant. While there, she had a disagreement with another woman and a physical fight occurred between the two.

At six p.m., Murray asked defendant, Richard Jones and Henry McCloud for a ride to her house and they agreed. Before leaving, defendant went into Rigsbee's Store and purchased a fifth of Wild Irish Rose wine. Instead of going directly to Patricia Murray's house, Jones drove his car past the street where Ms. Murray lived and into a wooded area across from a school.

After the wine had been consumed by all of the parties in the car, Jones and McCrimmon had sexual intercourse with Patricia Murray. There was conflicting evidence at trial as to exactly what happened at that point. Murray testified that defendant crawled on top of her in the back seat of the car and despite her efforts to stop him, he hit her repeatedly in the face and had intercourse with her. Murray stated that defendant then told Jones that it was his turn and Jones got into the back seat, hit her and had intercourse with her. McCloud testified that the sexual encounters took place on the ground beside the car and that defendant held Murray's arms while Jones had intercourse with her first and that defendant had intercourse with Murray second.

Murray was then taken home and McCloud claimed that when they arrived, defendant got out of the car and was hugged and kissed on the side of the face by Murray. Murray then went into her apartment and told her roommate that defendant had beaten and raped her. She then called the police.

Murray was taken to the hospital and thoroughly examined. Murray had a cut on her thumb, a broken blood vessel in one eye,

swollen lips, cuts on the inside of her upper lip and an abrasion on her back and on her stomach. There were no signs of redness, bruising or lacerations in the genital area.

At trial, defendant was found guilty of second degree rape. On the verdict form, the jury wrote "leniency" and told the judge that they were trying to ask him to be lenient when sentencing defendant. From the judgment of the trial court sentencing defendant to three years in prison, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James Peeler Smith, for the State.*

*Glover and Petersen, by James R. Glover, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that he was "deprived of his right to confrontation and to a fair trial by the exclusion of evidence offered to impeach and rebut the evidence offered by the State as to the alleged victim's general good character." The thrust of defendant's contention is that because Henry McCloud stated at trial that he thought the victim was a "nice person" and detective Arthur Summey stated that McCloud had voiced a similar opinion during a recorded statement given to the police on 14 May 1986, certain portions of that recorded statement concerning the victim's prior sexual history should have been admitted into evidence. We disagree.

Rule 412(b) of the North Carolina Rules of Evidence states "[n]otwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution" unless the behavior falls within certain exceptions listed in the rule. Defendant, in his brief, recognizes that the portion of McCloud's statement in question "does not fit neatly into any of the four categories of admissible evidence of prior sexual behavior described in Rule 412(b)." However, defendant argues that these exceptions are not exclusive and cites the following: "the statute was not intended to act as a barricade against evidence which is used to prove issues common to all trials." *State v. Younger*, 306 N.C. 692, 697, 295 S.E. 2d 453, 456 (1982). Defendant's reliance on the *Younger* case and on *State v. Johnson*, 66 N.C. App. 444, 311

S.E. 2d 50, *disc. rev. denied*, 310 N.C. 747, 315 S.E. 2d 707 (1984), is misplaced.

The *Younger* case allowed the defendant to impeach the credibility of the prosecutrix by cross-examining her about a prior inconsistent statement. At trial she testified that she had sex on the night of the alleged rape with the defendant's roommate but she told the examining physician only hours after the alleged rape that she had last had sex with her boyfriend one month earlier. *State v. Younger*, 306 N.C. 692, 295 S.E. 2d 453 (1982). The *Johnson* case allowed the defendant "to introduce statements concerning the prosecuting witness' prior rape, which statements were allegedly made by the prosecuting witness both to defendant and to the examining physician, and statements concerning the fact that at the preliminary hearing she denied making any such statements." *State v. Johnson* at 445, 311 S.E. 2d at 51, *disc. rev. denied*, 310 N.C. 747, 315 S.E. 2d 707 (1984).

Neither the *Younger* case nor the *Johnson* case is applicable here. The present case does not concern such inconsistent statements by the prosecutrix about her sexual activity.

Defendant also argues that Rule 106 of the North Carolina Rules of Evidence allows him to introduce McCloud's statement into evidence. Rule 106 states that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

We first note that the State never introduced a part of McCloud's statement into evidence at trial. Second, we reemphasize the language of Rule 412(b) which states that "*[n]otwithstanding any other provision of law*, the sexual behavior of the complainant is irrelevant" unless it falls within the four exceptions listed within the rule. (Emphasis added.) The statement that defendant attempted to introduce in the case *sub judice* is the precise type of evidence that Rule 412 was intended to exclude.

No error.

Judges PHILLIPS and COZORT concur.