974 F.2d 1330
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Clinton Lee FRY, Petitioner-Appellant,
v.
John PATSEAVOURAS, Director, Division of Adult Probation and
Parole, North Carolina Department of Corrections; Aaron J.
Johnson, Secretary, North Carolina Department of
Corrections, Respondents-Appellees.
 No. 91-7240.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 6, 1992
Decided: September 1, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-91-474-HC)
 ARGUED: Kenneth Justin Rose, Durham, North Carolina, for Appellant.
 Clarence Joe DelForge, III, Assistant Attorney General, North Carolina Department of Justice, Raleigh, North Carolina, for Appellees.
 ON BRIEF: Lacy H. Thornburg, Attorney General of North Carolina, North Carolina Department of Justice, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 Affirmed.
 Before RUSSELL, Circuit Judge, BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 William Clinton Lee Fry was convicted under the laws of North Carolina for engaging in an act of oral sex and sentenced to ten years imprisonment. He sought habeas relief from his conviction on the grounds that his conviction violated constitutional guarantees of privacy and equal protection. He sought relief from his sentence on the ground that it constituted cruel and unusual punishment. The district court dismissed his § 2254 petition as frivolous pursuant to Rule 4 of the Rules Governing Sec. 2254 Cases. We affirm the district court's dismissal, but do so on other grounds. We dismiss Fry's challenge to his sentence as moot since Fry was unconditionally released from custody on October 6, 1991, prior to the disposition of this appeal. We dismiss his other claims as procedurally barred because they were defaulted in state court.
 
 I.
 
 2
 Diane Sanders, a social acquaintance of Fry, brought charges against him for first-degree burglary, attempted rape, attempted second-degree sexual offense, two counts of second-degree sexual offense, and two counts of crime against nature.[1] These charges stemmed from a sexual encounter between Fry and Sanders in Sanders' home. Sanders contends that Fry broke into her trailer home while her husband was away, attempted to rape her, and then forced her to commit fellatio. Fry admitted the sexual conduct, but maintained that Sanders had consented.
 
 
 3
 A jury acquitted Fry of all counts involving non-consensual conduct and convicted him only of one count of crime against nature, penetration of a female's mouth by defendant's male sex organ. The judge then sentenced Fry to the maximum sentence of ten years imprisonment.
 
 
 4
 Fry appealed to the North Carolina Court of Appeals, raising for the first time constitutional challenges to his conviction and sentence. Fry claimed that his conviction contravened the privacy and equal protection guarantees of the Fourteenth Amendment and that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. The Court of Appeals refused to consider the issues raised by Fry on appeal since they were not raised before the trial court. State v. Fry, No. 884SC970, slip op. at 2 (June 20, 1989). The North Carolina Supreme Court denied review, and the United States Supreme Court denied certiorari. State v. Fry, 384 S.E.2d 542 (N.C. 1989), cert. denied, 495 U.S. 920 (1990).
 
 
 5
 Fry then filed a pro se motion for collateral relief in the Superior Court of Onslow County, North Carolina, asserting the same constitutional grounds. Based on the decision of the North Carolina Court of Appeals on direct review, the Superior Court ruled the petition procedurally barred. State v. Fry, No. 87-CrS-21784 (Jan. 10, 1990). The North Carolina Court of Appeals denied certiorari.
 
 
 6
 Fry next filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Eastern District of North Carolina. The court dismissed the petition as frivolous under Rule 4 of the Rules Governing Sec. 2254 Cases.[2] It first cited a North Carolina case where the courts upheld against a constitutional challenge a conviction similar to Fry's. See State v. Poe, 252 S.E.2d 843 (N.C. Ct. App.), cert. denied, 259 S.E.2d 304 (N.C. 1979), appeal dismissed, 445 U.S. 947 (1980). It then turned to the intervening decision in Bowers v. Hardwick, 478 U.S. 186 (1986). The district court characterized Bowers as limiting constitutional privacy protections to the spheres of marital, child bearing and child rearing activities, which, it ruled, did not encompass Fry's conduct in this case. Regarding Fry's Eighth Amendment claim, the court held that federal courts have no right to review a state sentence that does not exceed a statutory maximum under state law.
 
 
 7
 Fry now appeals the district court's dismissal.
 
 II.
 
 8
 Because the district court dismissed Fry's petition for habeas relief under Rule 4, it did not reach the procedural issues in this case. We affirm dismissal on grounds of mootness and procedural bar, and find it unnecessary to rule on the grounds relied upon by the district court. See Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1291 (4th Cir. 1992) (affirming denial of habeas petition on grounds other than those relied upon by district court); cf. Granberry v. Greer, 481 U.S. 129, 134 (1987) (holding that, where district court denied habeas petition on the merits, appellate court has discretion to review on the merits or dismiss for exhaustion of state remedies).
 
 
 9
 A.Initially, we dismiss as moot Fry's collateral appeal of his sentence. Fry was unconditionally discharged by the State of North Carolina on October 6, 1991.[3] Since he is no longer confined pursuant to a sentence, any request for relief from confinement would be a non sequitur. See Lane v. Williams, 455 U.S. 624, 631 (1982) (holding that case challenging sentence is moot where sentence expired during course of appeal).
 
 
 10
 B.Turning to Fry's collateral appeal of his conviction, our decision to depart from the reasoning of the district court is motivated by concerns of comity and federalism. Generally, where a state court has declined to review the merits of a constitutional claim and has dismissed the claim on independent state procedural grounds, federal courts should respect state court application of its own law and similarly decline merit review. Coleman v. Thompson, 111 S. Ct. 2546, 2554-55 (1991); Wainwright v. Sykes, 433 U.S. 72, 81, 87 (1977). We, therefore, conclude that the better course for dismissal of these claims is through adherence to the doctrine of procedural bar.
 
 
 11
 The doctrine of procedural bar holds that "[i]n all cases in which a state prisoner has defaulted in his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S. Ct. at 2565; accord Murray v. Carrier, 477 U.S. 478, 496 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Fry's claims were dismissed pursuant to an independent and adequate state rule. Under North Carolina law, constitutional claims not raised before the trial court are procedurally barred from adjudication on appeal. State v. Cooke, 291 S.E.2d 618, 621 (N.C. 1982); State v. Hunter, 286 S.E.2d 535, 539 (N.C. 1982); State v. Grundler, 111 S.E.2d 1, 8 (1959), cert. denied, 362 U.S. 917 (1960). The district court, and likewise this Court, then should not consider the merits of Fry's claims unless either of the two exceptions to procedural bar apply.
 
 
 12
 Fry asserts no cause justifications for failure to raise his constitutional challenges before the trial court. Rather, he seeks relief under the second "fundamental miscarriage of justice" exception. He contends that his conviction for conduct protected by the constitution renders him "actually innocent" of any offense.
 
 
 13
 The phrase "fundamental miscarriage of justice" has to date eluded precise definition by the courts. The Court in Engle v. Isaac, 456 U.S. 107, 135 (1982), interpreted it as "a fundamentally unjust incarceration." Subsequent Court decisions construe the exception as one concerning actual innocence. See, e.g., Murray v. Carrier, 477 U.S. 478, 496 (1986); Wayne v. Whitley, 60 U.S.L.W. 4655, 4657 (U.S. June 22, 1991). That is, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of a cause for the procedural default." Murray v. Carrier, 477 U.S. at 496. Considering these interpretations, we agree with Fry that to refuse review of a conviction for constitutionally protected conduct would result in a fundamental miscarriage of justice.
 
 
 14
 Unfortunately, this exception provides no relief for Fry. We feel bound by the decision in Bowers v. Hardwick, 478 U.S. 186 (1986), to uphold Fry's conviction under N.C. Gen. Stat.s 14-177. Although Bowers decided only the constitutionality of punishing private, consensual acts between homosexuals, "the rationale of the Court's opinion applies equally to the prohibited conduct regardless of whether the parties who engage in it ... are of the same or different sexes." Id. at 214 (Stevens, J., dissenting).[4] Therefore, since the statute as applied to Fry is not unconstitutional, and since Fry does not dispute that he acted in violation of the statute, we find no fundamental miscarriage of justice in his conviction.
 
 
 15
 We dismiss Fry's collateral appeal of his sentence as moot. We dismiss his collateral appeal of his conviction pursuant the doctrine of procedural bar. The North Carolina courts refused merit review of Fry's claims on an independent and adequate state procedural ground. We, therefore, decline to review his habeas claims absent a showing of cause or a showing that denial of review will result in a fundamental miscarriage of justice. Fry asserts no cause for his failure to raise these claims at trial. Furthermore, we find no fundamental miscarriage of justice since Fry's conviction appears constitutional under Bowers v. Hardwick. Accordingly, we affirm the district court's dismissal of Fry's petition for habeas corpus.
 
 AFFIRMED
 
 
 [1]
 North Carolina Gen. Stat. § 14-177 (1986) provides:
 If any person shall commit the crime against nature, with mankind or beast, he shall be punished as a Class H Felon[i.e., imprisoned up to ten years].
 
 
 [2]
 Rule 4 states in pertinent part:
 If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.
 
 
 [3]
 Although we recognize that the Certificate of Discharge was not introduced in evidence before the district court, we admit the evidence as part of the supplemental record filed with this Court pursuant to our authority under Fed. R. App. P. 10(e). Accordingly, we deny Petitioner's Motion to Correct the Record
 
 
 [4]
 The North Carolina Court of Appeals has indicated that § 14-177 does not apply to married couples. See State v. Poe, 252 S.E.2d at 845 ("We believe the state, consistent with the Fourteenth Amendment, can classify unmarried persons so as to prohibit fellatio between males and females without forbidding the same acts between married couples."). Accordingly, we do not decide here whether § 14-177 is constitutional as applied to married couples